UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:18-CV-98 |
| | ) | |
| JASMINE R. ANDREWS, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

The United States of America, by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and on behalf of its agency the U.S. Department of Health and Human Services, brings this action against the above-named defendant, showing this Court as follows:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1345.

2. Upon information and belief, the defendant resides in Sevier County, Tennessee, and therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3. On July 20, 2010, the defendant executed a scholarship contract to participate in the Nursing Scholarship Program pursuant to 42 U.S.C. § 297n(d). On September 16, 2010, the defendant was approved to receive a scholarship award for the 2010-2011 school year and a continuing scholarship award for the 2011-2012 school year. A copy of the afore-mentioned contract is attached hereto as Exhibit A and is incorporated as if fully set forth herein.

1

4. Pursuant to the scholarship contract, the United States agreed to pay the defendant's tuition and other reasonable costs associated with a nursing program and a stipend during her time in the program. In exchange, the defendant agreed to certain conditions stated in the scholarship contract, including maintaining enrollment and an acceptable level of academic standing in the nursing program.

5. The defendant withdrew from the nursing program during the fall semester in 2010. She did not attend the nursing program during the spring semester in 2011, and she did not attend the nursing program in the summer of 2011.

6. The defendant returned to the nursing program for the fall semester in 2011 and completed that semester. However, she withdrew from the nursing program during the spring semester in 2012 and did not return and has not returned to the program.

7. Pursuant to 42 U.S.C. § 297n(g)(1)(A)(iii), the defendant breached the scholarship contract by voluntarily terminating the nursing program, and she is liable to the United States for the amount of her awards, including the amounts provided for expenses related to such attendance, and for interest on such amounts at the maximum legal prevailing rate.

8. During the timeframes discussed above, the United States paid a total of $48,247.50 to or on behalf of the defendant for tuition, other reasonable costs, and a stipend. Of that total, the amount of $7,410.50 was paid at times when the defendant was not attending the nursing program and/or was not otherwise entitled to any payments. Therefore, in addition to $40,837 in payments that the defendant was entitled to under the scholarship contract, the United States also made overpayments to or on behalf of the defendant in the amount of $7,410.50 that were not required under the scholarship contract.

9. These debts have accrued and continue to accrue interest. The interest on the debt incurred from payments that the defendant was entitled to under the scholarship contract is computed at the rate of 10.50 percent per annum (daily rate of $11.75). The interest on the debt incurred from overpayments is computed at the rate of 10.625 percent per annum (daily rate of $0.93).

10. The defendant has made payments in the amount of $7,015.76, and those payments have been applied to and have reduced the overpayment debt.

11. As of October 31, 2017, the defendant owed $40,837 in principal and $24,180.86 in accrued interest on the underlying debt that she incurred from payments that she was entitled to under the scholarship contract, for a total of $65,017.86. A copy of the Certificate of Indebtedness evidencing this debt is attached hereto as <u>Exhibit B</u> and is incorporated as if fully set forth herein.

12. As of October 31, 2017, the defendant owed $3,184.09 in principal and $161.28 in accrued interest on the overpayment debt, for a total of $3,345.37. A copy of the Certificate of Indebtedness evidencing this debt is attached hereto as <u>Exhibit C</u> and is incorporated as if fully set forth herein.

13. Demand has been made upon the defendant by the United States for the sum due, but the amount due remains unpaid.

WHEREFORE, the United States respectfully requests that the Court enter judgment against the defendant for (1) the sum of $65,017.86 plus interest at 10.50 percent per annum that has accrued from October 31, 2017 to the date of judgment, (2) the sum of $3,345.37 plus interest at 10.625 percent per annum that has accrued from October 31, 2017 to the date of judgment, (3)

interest on the judgment at the legal rate until paid in full, pursuant to 28 U.S.C. § 1961, and (4) the costs expended in maintaining this action. Notice is hereby given to the defendant that the United States intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

          Respectfully submitted,

          J. DOUGLAS OVERBEY
          United States Attorney

By: *s/Kenny L. Saffles*
     Kenny L. Saffles (BPR #023870)
     Assistant United States Attorney
     800 Market Street, Suite 211
     Knoxville, TN 37902
     Kenny.Saffles@usdoj.gov
     (865) 545-4167

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | JASMINE ANDREWS |
| **(b)** County of Residence of First Listed Plaintiff _____ *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant Sevier *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Kenny L. Saffles, United States Attorney's Office 800 Market Street, Suite 211 Knoxville, TN 37902 (865) 545-4167 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 297n(g)(1)
Brief description of cause:
Student Loan Default - Loan Repayment and Scholarship Programs

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 68,363.23
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/13/2018
SIGNATURE OF ATTORNEY OF RECORD: s/Kenny L. Saffles

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

| NURSING SCHOLARSHIP PROGRAM CONTRACT FOR FULL-TIME STUDENT SCHOOL YEAR 2010-2011 | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION BUREAU OF CLINICIAN RECRUITMENT AND SERVICE |
|---|---|

Section 846(d) of the Public Health Service Act ("Act"), as amended by Public Law 107-205 on August 1, 2002, authorizes the Secretary of Health and Human Services ("Secretary") to provide applicants selected to be participants in the Nursing Scholarship Program ("Scholarship Program") with scholarship awards. In return for the awards, applicants must agree to serve for a period of not less than 2 years as nurses in a health care facility with a critical shortage of nurses.

Pursuant to section 846(d)(4) of the Act, applicants are required to submit with their application a signed contract stating the terms and conditions of participation in the Scholarship Program. The Secretary shall sign only those contracts submitted by applicants who are selected for participation.

The terms and conditions of participating in the Scholarship Program for the 2010-2011 school year are set forth below.

### Section A - Obligations of the Secretary
Subject to the availability of funds appropriated by the Congress of the United States for the Nursing Scholarship Program, the Secretary agrees to:
1. Provide the undersigned applicant ("applicant") with a scholarship award for the school year 2010-2011 during which the applicant:
   a. is enrolled, or is accepted for enrollment, as a full-time student in an accredited (as determined by the Secretary) school of nursing in one of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Marianas, the U.S. Virgin Islands, the Territory of Guam, the Territory of American Samoa, the Republic of Palau, the Republic of the Marshall Islands or the Federated States of Micronesia, and
   b. is pursuing a course of study in a collegiate, associate degree, or diploma school of nursing.
   
   The scholarship award may consist of payments, in whole or in part, for tuition, an amount for all other reasonable educational expenses incurred by the student, and a monthly stipend for the 12-month period beginning with the first month of each school year in which the applicant is a participant in the Scholarship Program. The disbursement of these scholarship payments may be delayed by the Secretary pending receipt of verification, satisfactory to the Secretary, of the applicant's continued eligibility for scholarship support. Scholarship support will not extend beyond 4 school years or the applicant's completion of the required classes for graduation, whichever is less.
2. Annually determine the most needy health care facilities with a critical shortage of nurses.

### Section B - Obligations of the Applicant
The applicant agrees to:
1. Accept the scholarship award provided by the Secretary under Section A.1. of this contract for the school year 2010-2011.
2. Maintain enrollment as a full-time student until completion of the course of study for which the scholarship award is provided.
3. Notify the Scholarship Program promptly in writing as soon as one of the following events is anticipated: repeat course work; a delay in the applicant's graduation date (e.g., due to a leave of absence approved by the school); a change from full-time student status to a less than full-time student status; withdrawal from courses; a change in school or program; and a withdrawal or dismissal from school.
4. Maintain an acceptable level of academic standing while enrolled in the course of study for which the scholarship award is provided.
5. Serve one year of full-time obligated service for each school year a scholarship award is provided, with a minimum obligation of 2 years of full-time clinical service.
6. Serve his or her period of obligated service in a healthcare facility with a critical shortage of nurses identified by the Secretary pursuant to Section A.2. of this contract. The service obligation may be fulfilled on a full-time or part-time basis. Full-time service is defined as a minimum of 32 hours per week, for a minimum of 45 weeks per year. Part-time service is defined as a minimum of 16 hours per week up to a maximum of 31 hours per week, for a minimum of 45 weeks per year. Part-time service is subject to approval by the Secretary. The applicant must accept an offer of employment from such healthcare facility within 6 months of the applicant's date of graduation.
7. If approved by the Secretary to provide part-time service, extend the period of obligated service set forth in paragraph 5 of this Section so that the aggregate amount of service performed will equal the amount of service that would be performed through a period of full-time service.
8. Commence obligated service in accordance with paragraph 6 above, within 3 months of the date of the applicant's acceptance of an offer of employment from such health care facility or within 9 months of the applicant's date of graduation from nursing school, whichever occurs first.
9. Undertake service in accord with policies and procedures in effect at the time the service obligation is required to begin.
10. Permit the U.S. Department of Health and Human Services to collect any debt owed by the applicant, as a result of an overpayment of scholarship award payments, through the administrative offset of subsequent scholarship award payments to the applicant under this Contract, an Optional Contract or an Extension Contract, until the debt is paid in full. An overpayment of scholarship award payments occurs when scholarship award payments are made:
    a) for repeat course work;
    b) during any period when the applicant is on an approved leave of absence from the school;
    c) during any period when the applicant is enrolled as a less than full-time student, or
    d) due to administrative error.
11. Comply with Title 2, Code of Federal Regulations, Part 180, Subpart C (2006), as supplemented by Subpart C of Title 2, Code of Federal Regulations, Part 376 (2007).

### Section C - Breach of Scholarship Contract
1. If the applicant:
   a. fails to maintain an acceptable level of academic standing in the nursing program,
   b. is dismissed from the nursing program for disciplinary reasons,
   c. voluntarily terminates the nursing program before the completion of such training; or
   d. fails to provide health services in accordance with Section B of this contract, then the applicant shall be liable to the United States to repay all funds paid to the applicant, or on the applicant's behalf, under this contract, and to pay interest on such amounts at the maximum legal prevailing rate from the date of the applicant's default.
2. The amount owed under paragraph 1 of this Section must be paid within 3 years of the date of the applicant's default.

### Section D - Cancellation, Suspension, and Waiver of Obligation
1. Any service or payment obligation incurred by the applicant under this contract will be cancelled upon the applicant's death.
2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this contract if:
   a. compliance by the applicant with the obligation is impossible or
   b. compliance would involve extreme hardship and enforcement of such obligation would be unconscionable.


GOVERNMENT EXHIBIT A

(OVER)

**Section E - Contract Extension**
1. The applicant may annually request extension of this contract, if the request is submitted in accordance with procedures established by the Secretary.
2. Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program, the Secretary may approve a request for contract extension if:
   a. the request does not extend the total period of scholarship award beyond 4 school years;
   b. the applicant is otherwise eligible for continued participation in the Scholarship Program;
   c. the applicant has demonstrated past compliance with the requirements, policies and procedures for participating in the Scholarship Program; and
   d. The applicant has complied with the procedures for requesting continued scholarship support.

**Section F - Contract Termination**
1. The Secretary may terminate this contract with the applicant if, not later than 30 days before the end of the school year to which the contract pertains (i.e., by June 1 of that school year), the applicant:
   a. submits a written request for such termination and
   b. repays all amounts paid to, or on behalf of, the applicant under the contract for that school year.

---

The Secretary or his/her authorized representative must sign this contract before it becomes effective

| Applicant Name (Please Print) | Applicant Signature | Date |
|---|---|---|
| Jasmine Andrews | Jasmine R. Andrews | 7/20/10 |
| Secretary of Health and Human Services | [signature] | 9/16/10 |

**OPTIONAL CONTRACTS**

This Nursing Scholarship Program Contract for the 2010-2011 school year ("2010-2011 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2011-2012 school year, under the same terms and conditions set forth in the 2010-2011 Contract except to the extent that the terms set forth in the 2010-2011 Contract may be subsequently amended by statute or regulation. Disbursements for the 2011-2012 school year will begin at the start of that school year.

**2011-2012 SCHOOL YEAR** — Applicant Signature: Jasmine R. Andrews — Secretary Signature: [signature]

This Nursing Scholarship Program Contract for the 2010-2011 school year ("2010-2011 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2012-2013 school year, under the same terms and conditions set forth in the 2010-2011 Contract except to the extent that the terms set forth in the 2010-2011 Contract may be subsequently amended by statute or regulation. Disbursements for the 2012-2013 school year will begin at the start of that school year.

**2012-2013 SCHOOL YEAR** — Applicant Signature: Jasmine R. Andrews — Secretary Signature: [signature]

This Nursing Scholarship Program Contract for the 2010-2011 school year ("2010-2011 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2013-2014 school year, under the same terms and conditions set forth in the 2010-2011 Contract except to the extent that the terms set forth in the 2010-2011 Contract may be subsequently amended by statute or regulation. Disbursements for the 2013-2014 school year will begin at the start of that school year.

**2013-2014 SCHOOL YEAR** — Applicant Signature: Jasmine R. Andrews — Secretary Signature: [signature]

HRSA-124 (BACK)
(Revision 12-03)



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Debt Collection Center

## CERTIFICATE OF INDEBTEDNESS

*Nursing Scholarship Program (NSP)*

Jasmine Andrews
770 Harvest Meadows Dr
Kodak, TN 37764
SSN: 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
REF: 46130015

Total debt due the United States as of October 31, 2017: $65,017.86 (principal $40,837.00; interest $24,180.86; administrative costs $0.00).

I certify that the Department of Health and Human Services' (HHS) records show that the individual named above is indebted to the United States in the amount stated. Interest accrues on the principal amount of this debt at the fixed rate of 10.500% per annum. The interest accrues at $11.75 per day.

Ms. Andrews submitted an application and signed a contract to participate in the Nursing Scholarship Program (NSP) Section 846(d) of the Public Health Service Act (42 U.S.C. § 297n(d)).

On September 16, 2010, she was approved to receive a scholarship award for the 2010-2011 school year. In addition, she received a continuing scholarship award for 2011-2012 school year. The funds received totaled $48,247.50 representing tuition, fees, monthly stipends, and other reasonable educational costs.

In fall of 2010 she withdrew from all her classes; she did not attend school in the summer 2011; and she withdrew from the Spring 2012 semester. She was therefore ineligible to receive scholarship support for these time periods. Funds received during these time periods totaled, $7,410.50, and were established as a separate debt. This debt accounts for the eligible funds received totaling $40,837.00.

One of the conditions for receipt of funds is that she maintain enrollment as a full-time student until completion of the course of study for which the scholarship was provided. On March 6, 2012, Ms. Andrews voluntarily withdrew from nursing school.

Pursuant to 42 U.S.C. 297n(g)(1)(A), if a participant fails to maintain an acceptable level of academic standing in the nursing program, is dismissed from the nursing program for disciplinary reasons, or voluntarily terminates the nursing program, the participant is liable to the Federal Government for the amount of his or her award, and for interest on that amount at the maximum legal prevailing rate. The amount the Federal Government is entitled to recover is due no later than three (3) years from the date of the participant's default.

GOVERNMENT EXHIBIT
B

On February 22, 2013, she was notified by letter that she had been placed in default of the conditions of her contract effective March 7, 2012. She was informed of the annual interest rate applicable to her debt and advised that interest would accrue on the unpaid principal balance from the date of default until the debt is paid in full. She was advised the debt must be paid within three years from the date of default. Instructions were enclosed for requesting a repayment agreement if she was unable to remit the total amount due.

By letter dated May 15, 2015, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying the debt in full or entering into an RA would terminate administrative offset.

Additional notifications and demand letters regarding the indebtedness were sent on the following dates: February 5, 2015, March 6, 2015, and August 4, 2016.

By letter dated April 25, 2017, Ms. Andrews was sent a final notice regarding the delinquent debt. She was advised that if payment was not received within thirty days, the debt would be referred to the DOJ for litigation. She did not respond.

No Payments were made.

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ), Eastern District of Tennessee, 800 Market Street, Suite 211 Knoxville, TN 37902 for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

11/7/2017
Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Debt Collection Center

## CERTIFICATE OF INDEBTEDNESS

*Nursing Scholarship Program (NSP)*
*Overpayment Debt*

Jasmine Andrews
770 Harvest Meadows Dr
Kodak, TN 37764
REF: 80013515

Total debt due to the United States as of October 31, 2017: $3,345.37 (principal $3,184.09; interest $161.28; administrative costs $0.00)

I certify that the Department of Health and Human Services' (HHS) records show that the individual named above is indebted to the United States in the amount stated above. Interest accrues on the principal amount of this debt at the fixed rate of 10.625% per annum. The interest accrues at $0.93 per day.

Ms. Andrews submitted an application and signed a contract to participate in the Nursing Scholarship Program (NSP), Section 846(d) of the Public Health Service Act (42 U.S.C. § 297n(d)).

On September 16, 2010, she was approved to receive a scholarship award for the 2010-2011 school years. In addition, she received a continuing scholarship award for 2011-2012 school year. The funds received totaled $48,247.50 representing tuition, fees, monthly stipends, and other reasonable educational costs.

In Fall 2010 she withdrew from all her classes; she did not attend school in Summer 2011; she withdrew from the Spring 2012 semester. This debt accounts for the funds received during these time periods totaling $7,410.50, to which she was not entitled.

On August 24, 2012, the NHSC contacted Carson-Newman College for the debtor's status in the nursing program. The NHSC was informed by telephone that the debtor was not enrolled in school and did not finish classes for the Spring 2012 Semester.

On August 30, 2012 the NHSC program office contacted Carson-Newman College requesting a brief chronological account of her enrollment.

On August 31, 2012 The NHSC received a reply from Carson-Newman College stating that Ms. Andrews was first enrolled as a pre-nursing student during Fall 2010. During that semester, she withdrew from all courses. She returned to Carson-Newman College in Fall 2011 and passed all courses. During Spring 2012, she again withdrew from all courses; and was not currently enrolled.

In a letter dated September 20, 2012, Ms. Andrews was informed her nursing scholarship case record had been transferred to the office of legal compliance for breach of the NSP contract.

GOVERNMENT EXHIBIT C

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS – JASMINE ANDREWS

She was notified by letter dated February 22, 2013, that she was liable for the repayment of her overpayment debt within thirty days. Pursuant to 42 CFR 30.18, she was informed that if the debt was not repaid in full within thirty days, interest would accrue on the unpaid principal balance at the rate specified in the letter, until the debt was paid in full. She was provided with instructions for entering a Repayment Agreement. She was advised that failure to make repayment arrangements by the due date would result collection action including the debt being referred to the U.S. Department of Justice (DOJ) for enforced collection.

In a letter dated May 31, 2013, she was advised that her account had been referred to a private collection agency. She was notified that unless payment in full or an RA was concluded, her account would be referred to DOJ for enforced collection.

By letter dated July 8, 2013, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying her debt in full or entering into an RA would terminate administrative offset.

By letter dated July 8, 2017, Ms. Andrews was sent a final demand letter regarding her overpayment debt. She was advised that if payment was not received within thirty days, the debt would be referred to the DOJ for litigation. She did not respond.

To date, she has made payments totaling $7,015.76.

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ), Eastern District of Tennessee, 800 Market Street, Suite 211 Knoxville, TN 37902 for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

11/7/2017
Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services